March 7, 2012

Tomas Serna, pro se
Reg. No. 64107-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Clerk of Court
United States District court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                    RE:    Serna v. United States
                                 Case No. 06-714(SLT)

Dear Clerk:

    I have enclosed two (2) copies of my Reply To Government's Recommended Denial Of My 18 U.S.C. § 3582(c)(2) Petition. Upon receipt of said document, please docket the same, then distribute my Reply to the appropriate parties.

    Your assistance and cooperation is very much appreciated.

                                        Very truly yours,

                                        Tomas Serna, pro se

cc: Unites States Attorney, Eastern District of New York.



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Tomas Serna, :
    Petitioner :
        v. : Case No. 06-714(SLT)
United States of America, :
    Respondent :

**PETITIONER'S REPLY TO GOVERNMENT'S RECOMMENDED
DENIAL OF HIS 18 U.S.C. § 3582(c)(2) PETITION**

NOW COMES Petitioner Tomas Serna, a pro se litigant, who is replying to the Govenment's Recommended denial of his petition for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). After the U.S. Sentencing Commission decided to retroactively apply the 2010 amended Sentencing Guidelines, Petitioner filed a petition for a downward departure from his prison sentence.

    For Petitioner's background, please **refer to** his § 3582(c)(2) petition and the Government's response.

**ARGUMENT**

The preamble to the Fair Sentencing Act (FSA) describes it as "An Act To Restore Fairness To Federal Cocaine Sentencing." The FSA sought to reduce the disparity between Federal criminal penalties for crack cocaine and powder cocaine offenses by lowering the quantity penalty ratio from 100:1 to 18:1.

Considering Petitioner Serna was held responsible for 83.4 grams of crack cocaine, had he been sentenced under the FSA Guidelines, his Career Offender Guideline range would have been 188-235 months. This range was calculated as follows:

(1) Under FSA, 83.4 grams of crack cocaine has a statutory prison term of 5-40 years; (2) with this statute, his career offender offense level is 34; (3) Subtracting three offense levels for acceptance of responsibility yields a 31 offense level; (4) Criminal History VI and offense level 31 equates to a sentencing range of 188-235 months. Where as, at sentencing, he was subject to a 262-327 month Guideline range because he was sentenced pre-FSA. If this Court were to adhere to Congress' intent of reducing the disparity between crack and powder cocaine, the Court would reduce Petitioner's sentence to 188 months.

Had Petitioner possessed only powder cocaine (evidence established 83.4 grams crack and 33 grams powder = 116.4 grams), his statutory prison term would have been 0-20 years. Then designating him as a career offender, his offense level would have been 32. Then reducing the level to 29 for acceptance of responsibility and applying C.H.C. VI, his sentencing range would have been 151-188 months.

When one compares the all powder cocaine Guideline of 151-188 to the FSA crack Guideline of 188-235, the only conclusion must be that this is how Congress intended to reduce the disparity between crack and powder cocaine. Leaving the Petitioner at the 262-327 range, the Court is ignoring the purpose of the FSA.

If the Court were to convert Petitioner's crack and powder cocaine to marijuana, pursuant to § 2D1.1(D), the outcome would result in a sentencing range of 151-188 months, as follows:

| | | |
|---|---|---|
| 1 gram of powder cocaine | = | 200 grams of marijuana |
| 33 grams of powder cocaine | = | 6.6 kilograms of marijuana |
| 1 gram of crack cocaine | = | 3.6 kilograms of marijuana |
| 83.4 grams of crack cocaine | = | 300.26 kilograms of marijuana |
| Marijuana equivalency: | | 6.6 + 300.26 = 306.84 kilograms |

The statutory prison term for 306.84 KG of marijuana is 5-40 years. Therefore, Petitioner's Career Offender Guideline Range would have been 188-235 months, the same as if the court has sentenced him for the crack only, see above.

Had Petitioner not been classified as a Career Criminal Offender, he would have been in C.H.C. IV, base offense level 30. Exhibit A. His B.O.L. would have been reduced to 27, to recognize a three level reduction for acceptance, which yields a guideline range of 100-125 months.

Now, if this Court grants Petitioner a reduction under Amendment

750, his Base Offense Level will be 26. Then, if this Court reduces his B.O.L. for acceptance, under § 3E1.1, Petitioner's adjusted offense level is 23 which equates to a 70 - 87 month Guideline Sentence range. But, Petitioner is cognizant that the Court does not have the authority to resentence Petitioner below the mandatory minimum of 120 months.

If this court does not remove Petitioner from his Career Criminal Offender status, then Petitioner is asking this Court to grant him a 4 level reduction under Amendment 750. His offense level for 83.4 grams of cocaine base under the 2010 Amended Guidelines is 26, whereas, before the FSA, his level was 30. Exhibit A.

Petitioner is aware that not all courts are honoring Amendment 750 for Career Criminal Offenders, examples are cited below.

The overwhelming majority of district courts faced with whether a career offender qualifies for a crack reduction have come to a commonsense conclusion, one that recognizes the underlying rationale for the amendment is to address the "urgent and compelling" "problems associated with the 100-to-1 drug quantity ratio." U.S.S.G. Supp to App. C, amen. 750.

There are several courts that have granted a crack reduction (under Amendment 750) for career offenders. Examples are cited below.

**United States v. Poindexter**, 550 F.Supp.2d 578, 580-81 (E.D.Pa. 2008); **United States v. Ragland**, 568 F.Supp.2d 19, 20 (D.D.C. 2008); **United States v. Collier**, No. 05-cr-313, 2008 WL 4204976, *3 (E.D.Mo. Sept. 5, 2008); **United States v. Clark**, No.00-037, 2008 WL 2705215, *1 (W.D.Pa. July 7, 2008); **United States v. Cornish**, No. 05-337, 2008 U.S. Dist. LEXIS 50577, at *7-*8 (D.N.J. June 25, 2008); **United States**

v. **Nigatu,** No. 00-18, 2008 WL 926561, at *1 (D.Minn. Apr.7. 2008) cf. **United States v. Boyd,** No. 01-29, 2008 WL 2537139, at *3 (W.D.pa. June 24, 2008).

**United States v. Campbell,** case # 8-00-cr-0290-05, Nov. 24, 2009, U.S. District Court of Maryland granted a reduction from 175 months to 138 months; **United States v. Spurlock,** 1:cr-02-187-07, April 18, 2008 (M.D.Pa).

### CONCLUSION

Wherefore, in consideration of the foregoing argument, Petitioner Tomas Serna is asking this Court to apply Amendment 750 to his case, then reduce his sentence to 120 months. Alternatively, as explained above, the Court has other options: a reduction to 151 months or 188 months.

Respectfully submitted,

Dated: March 7, 2012

Tomas Serna, pro se
Reg. No. 64107-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

## CERTIFICATE

I hereby certify, under penalty of perjury under the laws of the United States of America, Title 28 U.S.C. § 1746, that the foregoing Motion or Petition, including any attachments, exhibits and In Forma Pauperis, are true and correct to the best of my knowledge.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury under the laws of the United States of America, Title 28 U.S.C. § 1746, that true and correct copies of the foregoing Motion or Petition, including any attachments, exhibits and In Forma Pauperis, were inserted in an envelope, first class postage affixed, addressed to the parties below and placed in a mail depository within FCI Fort Dix in accordance with 28 C.F.R. § 540.11.

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Tomas Serna, pro se
Reg. No. 64107-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Office of the United States Attorney
Eastern District of New York
275 Cadman Plaza East
Brooklyn, New York 11201

Executed and mailed on this 7th day of March, 2012.

EXHIBIT A-1

# UNITED STATES SENTENCING GUIDELINES
# FOR CRACK COCAINE

| BASE OFFENSE LEVEL | BEFORE NOV. 1, 2010 CRACK QUANTITY | AFTER NOV. 1, 2010 CRACK QUANTITY |
|---|---|---|
| 38 | 4.5KG or more | 8.4KG or more |
| 36 | 1.5KG but less than 4.5KG | 2.8KG but less than 8.4KG |
| 34 | 500G but less than 1.5KG | 840G but less than 2.8KG |
| 32 | 150G but less than 500G | 280G but less than 840G |
| 30 | 50G but less than 150G | 196G but less than 280G |
| 28 | 35G but less than 50G | 112G but less than 196G |
| 26 | 20G but less than 35G | 28G but less than 112G |
| 24 | 5G but less than 20G | 22.4G but less than 28G |
| 22 | 4G but less than 5G | 16.8G but less than 22.4G |
| 20 | 3G but less than 4G | 11.2G but less than 16.8G |
| 18 | 2G but less than 3G | 5.6G but less than 11.2G |
| 16 | 1G but less than 2G | 2.8G but less than 5.6G |
| 14 | 500MG but less than 1G | 1.4G but less than 2.8G |
| 12 | Less than 500MG | Less than 1.4G |

EHIBIT A-2

# SENTENCING TABLE
(in months of imprisonment)

| Offense Level | Criminal History Category (Criminal History Points) | | | | | |
|---|---|---|---|---|---|---|
| | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
| 1 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 |
| 2 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 |
| 3 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 1-7 |
| 4 | 0-6 | 0-6 | 0-6 | 0-6 | 2-8 | 3-9 |
| 5 | 0-6 | 0-6 | 1-7 | 2-8 | 4-10 | 6-12 |
| 6 | 0-6 | 1-7 | 2-8 | 4-10 | 6-12 | 9-15 |
| 7 | 0-6 | 2-8 | 4-10 | 6-12 | 9-15 | 12-18 |
| 8 | 0-6 | 4-10 | 6-12 | 8-14 | 12-18 | 15-21 |
| 9 | 4-10 | 6-12 | 8-14 | 10-16 | 15-21 | 18-24 |
| 10 | 6-12 | 8-14 | 10-16 | 12-18 | 18-24 | 21-27 |
| 11 | 8-14 | 10-16 | 12-18 | 15-21 | 21-27 | 24-30 |
| 12 | 10-16 | 12-18 | 15-21 | 18-24 | 24-30 | 27-33 |
| 13 | 12-18 | 15-21 | 18-24 | 24-30 | 27-33 | 30-37 |
| 14 | 15-21 | 18-24 | 21-27 | 24-30 | 30-37 | 33-41 |
| 15 | 18-24 | 21-27 | 24-30 | 27-33 | 33-41 | 37-46 |
| 16 | 21-27 | 24-30 | 27-33 | 30-37 | 37-46 | 41-51 |
| 17 | 24-30 | 27-33 | 30-37 | 33-41 | 41-51 | 46-57 |
| 18 | 27-33 | 30-37 | 33-41 | 37-46 | 46-57 | 51-63 |
| 19 | 30-37 | 33-41 | 37-46 | 41-51 | 51-63 | 57-71 |
| 20 | 33-41 | 37-46 | 41-51 | 46-57 | 57-71 | 63-78 |
| 21 | 37-46 | 41-51 | 46-57 | 51-63 | 63-78 | 70-87 |
| 22 | 41-51 | 46-57 | 51-63 | 57-71 | 70-87 | 77-96 |
| 23 | 46-57 | 51-63 | 57-71 | 63-78 | 77-96 | 84-105 |
| 24 | 51-63 | 57-71 | 63-78 | 70-87 | 84-105 | 92-115 |
| 25 | 57-71 | 63-78 | 70-87 | 77-96 | 92-115 | 100-125 |
| 26 | 63-78 | 70-87 | 78-97 | 84-105 | 100-125 | 110-137 |
| 27 | 70-87 | 78-97 | 87-108 | 92-115 | 110-137 | 120-150 |
| 28 | 78-97 | 87-108 | 97-121 | 100-125 | 120-150 | 130-162 |
| 29 | 87-108 | 97-121 | 108-135 | 110-137 | 130-162 | 140-175 |
| 30 | 97-121 | 108-135 | 121-151 | 121-151 | 140-175 | 151-188 |
| 31 | 108-135 | 121-151 | 135-168 | 135-168 | 151-188 | 168-210 |
| 32 | 121-151 | 135-168 | 151-188 | 151-188 | 168-210 | 188-235 |
| 33 | 135-168 | 151-188 | 168-210 | 168-210 | 188-235 | 210-262 |
| 34 | 151-188 | 168-210 | 188-235 | 188-235 | 210-262 | 235-293 |
| 35 | 168-210 | 188-235 | 210-262 | 210-262 | 235-293 | 262-327 |
| 36 | 188-235 | 210-262 | 235-293 | 235-293 | 262-327 | 292-365 |
| 37 | 210-262 | 235-293 | 262-327 | 262-327 | 292-365 | 324-405 |
| 38 | 235-293 | 262-327 | 292-365 | 292-365 | 324-405 | 360-life |
| 39 | 262-327 | 292-365 | 324-405 | 324-405 | 360-life | 360-life |
| 40 | 292-365 | 324-405 | 360-life | 360-life | 360-life | 360-life |
| 41 | 324-405 | 360-life | 360-life | 360-life | 360-life | 360-life |
| 42 | 360-life | 360-life | 360-life | 360-life | 360-life | 360-life |
| 43 | life | life | life | life | life | life |

EXHIBIT - B

# Federal Bureau of Prisons
F.C.I. Fort Dix, NJ



## Certificate of Achievement

This certifies that

**Thomas Serna** #64107-053

has successfully completed the

Drug Education Class

this 18th day of March 2010

S.Hart
Drug Abuse Treatment Specialist